EDWARD SMITH *vs.* PROVIDENCE COUNTY SAVINGS BANK
*et als.*

In order to maintain a bill for subrogation as against the purchaser of an estate, it is not necessary to charge fraud and collusion, but merely that the purchaser had notice of the complainant's equity.

A mere allegation in a bill that the complainant believed that there had been fraud and collusion, unaccompanied by any averment as to the fact is insufficient.

BILL IN EQUITY for subrogation.    On demurrer to the bill.

*October* 24, 1894.    PER CURIAM.    We are of the opinion that the allegations of the bill are not sufficient to raise the question argued to the court on the demurrer, viz., whether the complainant is entitled to be subrogated to the rights of the Providence County Savings Bank, to the extent of the $500 advanced by him and paid to the bank in reduction of Donnelly's indebtedness under the mortgages held by the bank.

The bill charges no fraudulent collusion between McParlin and Grimes in the sale of the equity of redemption in the mortgaged property, but only the complainant's belief to that effect.    A mere allegation of belief, unaccompanied by any averment as to the fact, is clearly insufficient.

The frame of the bill is not such as we should ordinarily expect to find in a bill for subrogation.    It was apparently the idea of the pleader that allegations of fraud and collusion are necessary to maintain such a bill, though all that is necessary is to charge that the purchaser had notice of the complainant's equity.

*Demurrer sustained.*

*Stephen A. Cooke, Joseph Osfield, Jun., & James E. Banigan,* for complainant.

*William W. Blodgett & Edward W. Blodgett,* for respondents.